UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SAM WORTHY                                    CIVIL ACTION

VERSUS                                        NO. 07-8992

ALLSTATE INSURANCE COMPANY                    SECTION "C" (4)

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional
amount existed at the time of removal and plaintiff's motion to remand.   Having reviewed
the record, the stipulation of the parties and the law, the Court has determined that remand
is appropriate for the following reasons.

The amended complaint concerns unpaid Katrina-related losses allegedly covered
under a policy issued by the defendant.   The plaintiff's claim was previously severed
from Ronald Billzon, et al v. Allstate Insurance Co., Civ. Act. 07-60912 "N" (3), which was
removed from state court.

With regard to the existence of the jurisdictional minimum, the parties may neither
consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193
F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a
federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O

Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th

Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district

courts that they should review their subject matter jurisdiction in cases such as this.  Id.;

Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal

court, the removing parties must prove by a preponderance of the evidence that the

jurisdictional minimum exists. Id.   This showing may be made by either: (1) demonstrating

that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2)

setting forth the facts in controversy that support a finding of the jurisdictional minimum.

Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with

sufficient particularity the facts creating jurisdiction, in view of the nature of the right

asserted, and, if appropriately challenged, or if inquiry be made by the court of its own

motion, to support the allegation."   St. Paul Mercury Indemnity Co. v. Red Cab Co., 303

U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189

(1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459

U.S. 1107 (1983).

        The defendant has not met its burden to show that the jurisdictional amount is

facially apparent for present purposes, nor has it made a showing sufficiently

particularized to meet its burden.   Instead, the parties have filed a "Joint Motion to

Remand" based on a "Binding Stipulation" that the jurisdictional amount was not in

controversy at the time of removal.  (Rec. Doc. 5).   The Court has consistently recognized

that even if a stipulation may not be "binding" for purposes of La. Code Civ. P. art. 862

under the reasoning in Crosby v. Lassen Canyon Nursery, Inc., 2003 WL 22533617

(E.D.La.)(J. Vance), it is, nonetheless, strong evidence of the jurisdictional amount for

present purposes.

Based on the record and the law, the Court finds that the defendant has not

established subject matter jurisdiction.  In addition, the Court is mindful that removal

jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100

(1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th

Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B Federal Practice & Procedure: Civil, §3721.

When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller &

E. Cooper, 14C Federal Practice & Procedure: Civil, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court

for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. §

1447(c).

New Orleans, Louisiana, this 17th day of January, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE